IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| GULF COAST OIL CORPORATION, | § § | CASE NO. 08-50213 |
| CENTURY RESOURCES, INC., | § § | CASE NO. 08-50214 |
| NEW CENTURY ENERGY CORP. | § § | CASE NO. 08-50215 |
| Debtors. | § § § | Chapter 11<br>Jointly Administered Under<br>Case No. 08-50213 |

### DEBTORS' EXPEDITED MOTION
### TO CONTINUE USE OF CASH COLLATERAL

**CAUTION: EXPEDITED CONSIDERATION HAS BEEN REQUESTED ON THIS MATTER.** A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 6, 2009 AT 11:30 A.M. IN COURTROOM 400, 515 RUSK AVENUE, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING UNLESS YOU DID NO RECEIVE THIS NOTICE IN TIME TO DO SO. IN THAT SITUATION, FILE YOUR RESPONSE AS SOON AS POSSIBLE. IN ADDITION TO FILING YOUR RESPONSE WITH THE CLERK, YOU MUST GIVE A COPY OF YOUR RESPONSE TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE WESLEY W. STEEN
UNITED STATES BANKRUPTCY COURT JUDGE:

Gulf Coast Oil Corporation ("Gulf Coast Oil"), Century Resources, Inc. ("Century Resources"), and New Century Energy Corp. ("New Century") debtors and debtors-in-

-1-

HOU:2909389.2

possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby file this *Expedited Motion to Use Cash Collateral* (the "Motion") pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure. Expedited consideration has been requested, because the current cash collateral order and budget expired on March 20, 2009. The Debtors attempted to reach an agreement with their secured creditor prior to that date and an agreement has not been reached. In support of this Motion, the Debtors respectfully represent as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. These matters concern the administration of these bankruptcy estates; accordingly, the matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 361 and 363 and FED. R. BANKR. P. Rules 2002, 4001, and 6004 (the "Bankruptcy Rules").

## II.
## BACKGROUND

2. On July 28, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to § 1107(a) and § 1108 of the Bankruptcy Code.

4. No request for the appointment of a trustee or examiner has been made in the Debtors' chapter 11 cases and no committees have been appointed or designated.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meanings described to them in the Agreed Cash Collateral Order.

**The Debtors' Operations**

5.      The Debtors are an independent oil and gas exploration and production company. The Debtors' major areas of operations are located onshore United States, primarily in McMullen, Matagorda, Wharton, Goliad and Jim Hogg Counties in Texas.  Current 8/8ths daily production on Company operated properties is approximately 750 barrels of oil per day and 1.0 MMCFG per day.

6.      All of the Debtors' oil and gas properties are operated by Century Resources, a wholly owned operating subsidiary of New Century.  Century Resources is a bonded oil and gas operator (operator #141835) with the Railroad Commission of Texas.  Title ownership of the various oil and gas properties are held in three entities - Gulf Coast Oil,  another wholly owned subsidiary of New Century, New Century, and Century Resources, with all field operations conducted under the name of Century Resources.  The working interest ownership of the various operated properties range from 80% in the Sargent South Field in Matagorda County, Texas, to 100% in the San Miguel Creek Field (McMullen County, Texas), Mustang Creek Field (McMullen and Atascosa Counties, Texas), Prado Field (Jim Hogg County, Texas), Soleberg Wilcox Field (Goliad County, Texas), and Tenna Field (Wharton County, Texas).  Additionally, the Debtors own a 15.20% non-operated working interest with a 12.214% net revenue interest in the Wishbone Field in McMullen County, Texas.

**Factors Leading to Chapter 11.**

7.      On June 30, 2005, the New Century entered into a Securities Purchase Agreement (the "SPA") with Laurus Master Fund, Ltd. (collectively with its assigns and agents, "Laurus"), whereby the New Century sold a three-year Secured Convertible Term Note in the principal amount of $15,000,000 (as amended and restated, the "Convertible Note"), issued Laurus a warrant to purchase additional shares of common stock, and issued an option to Laurus to

HOU:2909389.2

purchase additional shares of common stock. On September 19, 2005, the Debtors also entered into a Secured Term Note in the original principal amount of $9,500,000 (the "Term Note"). The interest on the Term Note is payable monthly in arrears.

8. Century Resources entered into a Subsidiary Guaranty Agreement (the "Century Resources Guaranty") with Laurus on June 30, 2005, whereby it agreed to guaranty the prompt payment of all amounts, when due, owed to Laurus under the Convertible Note. The Debtors also entered into a Master Security Agreement with Laurus.

9. On April 26, 2006, Gulf Coast Oil entered into a Securities Purchase Agreement with Laurus, whereby Gulf Coast Oil sold Laurus a Secured Term Note in the amount of $40,000,000 (the "Gulf Coast Note").

10. On June 30, 2008, certain obligations of the Debtors owed to Laurus, including the Convertible Note and the Term Note became due. The Company failed to repay the outstanding amounts of the Convertible Note and the Term Note (collectively, the "Notes") on June 30, 2008.

11. On or about July 7, 2008, Laurus gave the Debtors notice of an event of default under the Notes and alleged other events of defaults pursuant to other Laurus Agreements. Laurus agreed to forbear from exercising its rights and remedies under the agreements until 5:00 p.m. Eastern time on July 18, 2008, or such later time as Laurus may agree in its sole discretion. After July 18, 2008, Laurus did not further extend the forbearance period.

12. Despite a significant increase in crude oil and natural gas prices as well as an increase in oil production due to recent drilling success in the first half of 2008, the Debtors did not generate sufficient cash flow from their operations to repay the remaining balance on the Notes that came due on June 30, 2008. The rise in oil and natural gas prices was partially offset

by operating cost increases in labor, fuel, steel and equipment costs used in drilling, completing and operating oil and gas wells. In addition, certain of the Debtors' prepetition debt securities require 80% of net revenues be paid to Laurus and its affiliates, leaving minimal cash flow to fund its operations, general corporate expenses, or for development capital. The Debtors' recent increase in daily oil production was primarily a result of drilling success on its McMullen County properties in the first half of 2008, which was financed by $12.4 million of debt raised in November 2007 (the "November 2007 Financing") from Laurus and its affiliates, of which $9.2 million was designated for the expansion of drilling activities (the remaining amounts were used to pay fees to Laurus or were designated as restricted cash). This was the first round of development capital the Debtors had received since December 2006, when the Debtors raised $16.2 million of debt (the "December 2006 Secured Note") from Laurus and its affiliates, of which only $1 million could be used at the Debtors' discretion. Without consistent and reliable access to development capital, the Debtors were constrained in their efforts to grow reserves and increase daily production to meet the impending debt maturities despite having a large inventory of undeveloped reserves and drilling prospects.

**Cash Collateral.**

13. On August 1, 2008, the Debtors filed their Expedited Motion for Interim and Final Order Authorizing the Debtors' Use of Cash Collateral and Scheduling Final Hearing [Docket No. 9]. On September 29, 2008, the Court entered the *Stipulated Final Order Authorizing Use of Cash Collateral* [Docket No. 95] (the "Agreed Cash Collateral Order"). On December 2, 2008, the Court entered the *Order Authorizing Use of Cash Collateral* [Docket No. 167] extending authority for the Debtors' use of cash collateral until January 8, 2009. On January 5, 2009, the Court entered the *Order Authorizing Use of Cash Collateral* [Docket No. 194] further extending authority for the Debtors' use of cash collateral until January 23, 2009.

On February 9, 2009, the Court entered the *Order Authorizing Use of Cash Collateral* [Docket No. 228] further extending authority for the Debtors' use of cash collateral until March 20, 2009.

14. The Debtors request permission to use cash collateral through May 15, 2009, for the expenditures set forth in the attached Exhibit "A" pursuant to the terms of the Agreed Cash Collateral Order. The Debtors have attempted to obtain Laurus's consent to the expenditures, but an agreement has not yet been reached.

### III.
### RELIEF REQUESTED AND BASIS THEREFOR

15. By filing this Motion, the Debtors respectfully request permission from this Court to allow them to continue to use Cash Collateral pursuant to Exhibit A. The Debtors request that all other terms of the Agreed Cash Collateral Order remain intact. The revised budget is substantially similar to the budget approved by the Court on February 9, 2009, except that the revised budget extends the authority to use cash collateral through May 15, 2009.

16. Section 363(c) of the Bankruptcy Code provides that a debtor may use cash collateral if all interested entities consent or the court, after notice and a hearing, authorizes such use. 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code requires that the use of cash collateral be prohibited or conditioned as is necessary to provide *adequate protection* to persons that have an interest in cash collateral. 11 U.S.C. § 363(3) (emphasis added); *In re DeSardi,* 340 BR. 790, 797-98 (Bankr. S.D. Tex. 2006) ("Adequate protection is … grounded in the belief that secured creditors should not be deprived of the benefit of their bargain."). Read together, sections 363(c) and (e) of the Bankruptcy Code authorize a debtor to use the cash collateral of a secured creditor if such creditor's collateral is adequately protected. *See In re Harrington & Richardson, Inc.,* 48 B.R. 431, 433 (Bankr. D. Mass. 1985) (finding that the court may authorize the use of cash collateral upon a showing that those with an interest in the cash collateral are

-6-

-7-

adequately protected); *In re Cert/led Corp.,* 51 BR. 768, 770 (Bankr. D. Haw. 1985) ("It is well established that a debtor is entitled to use cash collateral upon proof of adequate protection.").

17. Although the term "adequate protection" is not precisely defined in the Bankruptcy Code, section 361 sets forth three non-exclusive examples of what may constitute adequate protection: (1) periodic cash payments equivalent to decrease in value; (2) an additional or replacement lien on other property; or (3) other relief that provides the indubitable equivalent of an entity's interest in the property. *In re Timbers of Inwood Forest Associates, Ltd.,* 793 F.2d 1380, 1388 (5th Cir. 1986); *In re Curtis,* 9 B.R. 110, 111-12 (Bankr. E.D. Pa. 1981). "[T]he debtor-in-possession has the burden of proof on the issue of adequate protection." *In re Cafeteria Operators, L.P.,* 299 B.R. 400, 406 (Bankr. N.D. Tex. 2003).

18. The Debtors believe that the provisions of the Agreed Cash Collateral Order provide more than adequate protection to Laurus for its interest in cash collateral, and that no other or further protection need be provided.

19. For the foregoing reasons, the Debtors' use of the Cash Collateral will not adversely impact the secured positions of Laurus. Accordingly, the Court should grant this Motion.

HOU:2909389.2

WHEREFORE, the Debtors pray that this Court enter an order granting the relief requested herein and awarding the Debtors such other and further relief as the Court may deem just and proper.

Dated: March 24, 2009

        Respectfully submitted,

        By: /s/ David Zdunkewicz
        David Zdunkewicz, Attorney-in-Charge
        Tex. Bar No. 22253400 / S.D. Tex. No. 11596
        Chasless Yancy
        Tex. Bar No. 24033481 / S.D. Tex. No. 29931
        600 Travis, Suite 4200
        Houston, Texas 77002
        (713) 220-4200, telephone
        (713) 220-4285, facsimile
        dzdunkewicz@andrewskurth.com
        cyancy@andrewskurth.com

        COUNSEL FOR THE DEBTORS
        AND DEBTORS-IN-POSSESSION

OF COUNSEL:

ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200, telephone
(713) 220-4285, facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that true and correct copies of the foregoing Motion were served on the parties on the attached service list by first-class United States mail, postage prepaid, on this 24th day of March, 2009. Service on known Filing Users will automatically be accomplished through Notice of Electronic Filing as contemplated by this Court's Administrative Procedures for Electronic Filing.

        /s/ Chasless Yancy
        Chasless Yancy

-1-

# EXHIBIT "A"

-1-

HOU:2909389.2

**NEW CENTURY ENERGY - CONSOLIDATED BUDGET**
FOR THE WEEK ENDING 5/ 15/ 2009

| | 3/27/2009 | 4/3/2009 | 4/10/2009 | 4/17/2009 | 4/24/2009 | 5/1/2009 | 5/8/2009 | 5/15/2009 | Total |
|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts** | | | | | | | | | |
| Net Revenues from Oil and Gas | $ 463,272 | $ - | $ - | $ - | $ 525,000 | $ - | $ - | $ - | $ 988,272 |
| Other Cash Receipts | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 40,000 |
| Total Receipts | $ 468,272 | $ 5,000 | $ 5,000 | $ 5,000 | $ 530,000 | $ 5,000 | $ 5,000 | $ 5,000 | $ 1,028,272 |
| | | | | | | | | | |
| **Cash Outlays** | | | | | | | | | |
| Lease Operating Expense | $ 58,000 | $ 58,000 | $ 58,000 | $ 58,000 | $ 58,000 | $ 58,000 | $ 58,000 | $ 58,000 | $ 464,000 |
| Workover of wells-recompletions | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 80,000 |
| Capex - Convert new SWD wells & system   (2) | | $ 20,000 | | $ 30,000 | $ 20,000 | | | | $ 70,000 |
| Capex- R&R bridge & road Sargent field   (3) | | | | $ 12,500 | $ 12,500 | | | | $ 25,000 |
| P&A Herrera #2 SWD well | | $ 22,000 | | | | | | | $ 22,000 |
| IDC - Hodde #3 well          (1) | | | | | $ 35,000 | $ 100,000 | $ 125,000 | $ 30,000 | $ 290,000 |
| TCC- Hodde #3 well          (1) | | | | | | $ 115,000 | $ 85,000 | | $ 200,000 |
| ICC-Hodde #3 well           (1) | | | | | | | $ 75,000 | | $ 75,000 |
| G&G Expenses | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,000 | $ 2,500 | $ 2,500 | $ 2,500 | $ 17,500 |
| Delay Rental Payments- St of Tx. O&G leases | $ 16,100 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 16,100 |
| Payroll & Benefits | $ 30,245 | $ - | $ 30,245 | $ - | $ 30,245 | $ - | $ 30,245 | $ - | $ 120,980 |
| Office Rent | $ 5,546 | $ - | $ - | $ - | $ 5,546 | $ - | $ - | $ - | $ 11,092 |
| G&A Expenses | $ 2,750 | $ 2,750 | $ 2,750 | $ 2,750 | $ 2,750 | $ 2,750 | $ 2,750 | $ 2,750 | $ 22,000 |
| Insurance and Taxes | $ - | $ - | $ 1,900 | $ - | $ - | $ - | $ 1,900 | $ - | $ 3,800 |
| Royalty Payments (Sargent Field) Feb & March production | $ - | $ - | $ - | $ 36,000 | $ - | $ - | $ - | $ 36,000 | $ 72,000 |
| **PROFESSIONAL FEES:  (4)** | | | | | | | | | |
| PROFESSIONAL FEES - JULY 2008 to DEC 31, 2008 - 20% HOLDBACK | $ - | $ 212,122 | $ - | $ - | $ - | $ - | $ - | $ - | $ 212,122 |
| Professional Fees- DECEMBER 2008 - court approved | $ 185,404 | | | | | | | | $ 185,404 |
| Professional Fees- JANUARY 2009 - court approved | | $ 189,611 | | | | | | | $ 189,611 |
| Professional Fees- FEBRUARY- ESTIMATED | | | | | | | $ 100,000 | | $ 100,000 |
| | | | | | | | | | |
| Payment to Trustee - Court | $ - | $ - | $ - | $ - | $ 16,000 | $ - | $ - | $ - | $ 16,000 |
| Total Outlays | $ 310,045 | $ 516,483 | $ 104,895 | $ 186,250 | $ 257,041 | $ 313,250 | $ 395,395 | $ 109,250 | $ 2,192,609 |
| | | | | | | | | | |
| Net Cash - Weekly Change | $ 158,227 | $ (511,483) | $ (99,895) | $ (181,250) | $ 272,959 | $ (308,250) | $ (390,395) | $ (104,250) | $ (1,164,337) |

**Assumptions:**
(1)   Hodde # 3 well, commence drilling 4/24; single zone completion, flowing well, no pumping unit or elec.
(2)   Capex new SWD system - Herrera #6 well conversion & Rabke #3 well conversion to SWD
(3)   Capex-R&R road and bridge to #19 well damaged in hurricane
(4)   PROFESSIONAL FEES: includes amounts invoiced by Broad Point thru January 2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GULF COAST OIL CORPORATION, | § | CASE NO. 08-50213 |
| | § | |
| CENTURY RESOURCES, INC., | § | CASE NO. 08-50214 |
| and | § | |
| NEW CENTURY ENERGY CORP., | § | CASE NO. 08-50215 |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | |
| | § | JOINTLY ADMINISTERED UNDER |
| | § | CASE NO. 08-50213 |

OFFICIAL MASTER SERVICE LIST
as of February 25, 2009

**Debtors**

New Century Energy Corp.
Gulf Coast Oil Corporation
Century Resources, Inc.
Edward R. DeStefano
Chief Executive Officer
1770 St. James Place, Suite 380
Houston, Texas 77056

**Counsel for Debtors**

David Zdunkewicz
Chasless Yancy
ANDREWS KURTH, LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile:  (713) 220-4285
dzdunkewicz@andrewskurth.com
cyancy@andrewskurth.com

**United States Trustee**

Hector Duran, Jr.
UNITED STATES TRUSTEE
United States Courthouse
515 Rusk Avenue, Room 3516
Houston, Texas 77002

**Secured Creditors**

Laurus Master Fund LP
335 Madison Avenue, 10th Floor
New York, NY 10017

HOU:2827429.6

## 20 Largest Unsecured Creditors

R. A. Lenser & Associates
14702 Oak Bend
Houston, TX 77079

David M. Loev
Loev Corporate Filings
5301 Holly Street
Bellaire, TX 77401

White Wolf Land Service
1412 17th Street, #560
Bakersfield, CA 93301

Weatherford US LP
P. O. Box 2000019
Houston, TX 77216-0019

H&B Packer Services, Inc.
2601 North Mechanic
P. O. Box 708
El Campo, TX 77437

Wharton County Electric Coop
P. O. Box 31
El Campo, TX 77437-0031

Agility Financial Partners LLC
P. O. Box 7896
Spring, TX 77387

Karnes Electric Cooperative
P. O. Box 7
Karnes City, TX 78118-0007

Tate Supply Company
P. O. Drawer 360
Freer, TX 78357

R. Trevino Electric & Refrigeration
535 Taylor Road
Falfurrias, TX 78355

CPL Retail Energy
P. O. Box 22136
Tulsa, OK 74121-2136

Steve Fry
2116 Palm Village Blvd
Bay City, TX 77414

GM Compressor and Pump, Inc.
P. O. Box 604
Alice, TX 78333

Texas Energy Services, L.P.
P. O. Box 2108
Alice, TX 78333

Texas Hot Shot
P. O. Box 42406
Houston, TX 77242

Texas Propane Energy Co.
P. O. Box 1497
Three Rivers, TX 78071

PMB Helin Donavan, LLP
5918 West Courtyard Drive
Suite 400
Austin, TX 78730

Continental Stock & Transfer
17 Battery Place
New York, NY 10004

Pipeline Accident Prevention Services
21175 Tomball Parkway, #370
Houston, TX 77070

McJunkin Red Man Corporation
P. O. Box 849784
Dallas, TX 75284-9784

Wiley Lease Service
P. O. Box 395
Charlotte, TX 78011

M&G Development, L.P.
P. O. Box 8
Alice, TX 78333

Treat-Em-Rite Corporation
P. O. Box 214
Pearsall, TX 78061

Bowen Welding
P. O. Box 981
Pleasanton, TX 78064

James E. Cooper & Son
375 Bluntzer Road
Jourdanton, TX 78026

Victoria Oilfield Rental Sales, Inc.
P. O. Box 3942
Victoria, TX 77903

Heritage Well Supply
P. O. Box 249
Charlotte, TX 78011

House Electric
P. O. Box 418
Tilden, TX 78072-0418

**Interested Parties &
Parties Requesting Notice**

Internal Revenue Service
Insolvency Group
1919 Smith Street, Stop 5022 HOU
Houston, TX 77002

Fort Worth Regional Office
Internal Revenue Service
Rose L. Romero, Regional Director
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102

Securities Exchange Commission
SEC Headquarters
100 F Street, NE
Washington, DC 20549

Phil F. Snow
SNOW FOGEL SPENCE LLP
2929 Allen Parkway, Suite 4100
Houston, TX 77019
telephone: (713) 335-4802
facsimile:  (713) 335-4848
philsnow@snowfogel.com

Christopher Ryan
Baker Hughes Oilfield Operations, Inc.
2929 Allen Parkway, Suite 2300
Houston, TX 77019

Counsel for Baker Hughes Oilfield
Operations, Inc.

HOU:2827429.6

Stuart Komrower, Esq.
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
25 Main Street
Hackensack, NJ 07601
Telephone: 201.525.6331
Facsimile:  201.678.6331
skomrower@coleschotz.com

Counsel for Laurus Master Fund, *et al.*

Susan C. Mathews
Michael N. Mire
ADAMS AND REESE LLP
1221 McKinney, Suite 4400
Houston, Texas 77010
Tel: 713.652.5151
Fax: 713.652.5152
susan.mathews@arlaw.com
michael.mire@arlaw.com

Counsel for Valor Energy Corp.

John P. Dillman
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P. O. Box 3064
Houston, TX 77253-3064
Telephone: 713.844.3478
Fax: 713.844.3503
houston_bankruptcy@publicans.com

Counsel for Matagorda County, TX and
 Wharton County, TX

Sonia Anne Chae
SECURITIES & EXCHANGE COMMISSION
175 West Jackson Boulevard
Suite 900
Chicago, IL 60604
Telephone: 312.353.7390

Attorney for the Securities and
 Exchange Commission

Michael D. Warner, Esq.
WARNER STEVENS, LLP
301 Commerce Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.810.5250
Facsimile: 817.810.5255
mwarner@warnerstevens.com

Counsel for Laurus Master Fund, *et al.*

Ben B. Floyd
Timothy A. Million
MUNSCH HARDT KOPF & HARR, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, Texas 77002
Telephone: 713.222.1470
Fax: 713.222.1475
tmillion@munsch.com

Counsel for ABA Energy Corporation

David G. Aelvoet
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
711 Navarro, Suite 300
San Antonio, TX 78205
Telephone: 210.225.6763
Fax: 210.225.6410
sanantonio.bankruptcy@publicans.com

Counsel for McMullen County,
Jim Hogg Co ISD, and Jim Hogg County, TX

Michael P. Ridulfo
BROWN MCCARROLL, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
Telephone 713.529.3110
Fax: 713.525.6295
mridulfo@mailbmc.com

Counsel for Atlas Tubular, L.P.

HOU:2827429.6

| | |
|---|---|
| BECKET AND LEE LLP<br>Gilbert B. Weisman<br>POB 3001<br>Malvern, PA 19355-0701<br>Telephone:  610.644.7800<br>Facsimile: 610.992.8493<br>notices@becket-lee.com<br><br>Attorney for American Express Bank FSB | Abigail Rushing Ryan<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>P. O. Box 12548, MC-008<br>Austin, Texas 78711-2548<br>Telephone: 512.463.2173<br>Facsimile: 512.482.8341<br><br>Attorneys for the Railroad Commission of Texas |
| Steven C. Haley<br>MOORMAN, TATE, MOORMAN, URQUHART<br> & HALEY, L.L.P.<br>207 East Main<br>P.O. Box 1808<br>Brenham, Texas 77834-1808<br>Telephone:  979.836.5664<br>Facsimile:   979.830.0913<br>shaley@moormantate.com<br><br>Counsel for A. W. Hodde, Jr. | Fredreck S. "Field" Hudgens<br>HOOVER SLOVACEK LLP<br>5847 San Felipe, Suite 2200<br>Houston, Texas 77057<br>Telephone:  713.977.8686<br>Facsimile:  713.977.5395<br>hudgensbk@hooverslovacek.com<br><br>Attorneys for Creditor, 1770 St. James Limited Partnership |
| Chris B. Elliott<br>DUCKETT, BOULIGNY & COLLINS, L.L.P.<br>207 W. Jackson<br>P. O. Box 1567<br>El Campo, Texas 77437<br>Telephone: 979.543.6845<br>Facsimile: 979.543.9516<br>cbe@dbc-law.com<br><br>Attorneys for Clayton Coan | Jim Alan Adams<br>Attorney at Law<br>212 S. 2nd Street<br>Richmond, Texas 77469<br>Telephone: 281.341.0530<br>Facsimile: 281.342.4275<br><br>Attorney for Myska & Vandervoor, LLC |